UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Charles Longlois and Duane Schwarze,

      Plaintiffs,

v.                                                No. 13-cv-3345 (JNE/SER)
                                                                 **MEMORANDUM**

Stratasys, Inc.,                                                    **AND ORDER**

      Defendant.

---

On May 7, 2014, the United States Magistrate Judge ordered that Plaintiff Duane Schwarze's claim against Defendant Stratasys be severed from this case under Federal Rule of Civil Procedure 21 and filed as a separate action. ECF No. 32. The Plaintiffs objected, and the Defendant responded. For the reasons discussed below, the order is affirmed in part and reversed in part.

**Background**

Stratasys manufactures and distributes 3D printers, and it employs technicians, known as Field Service Engineers, to travel to customers' sites to install and maintain the machines. In 2012, one of those Field Service Engineers, Greg Holaway, brought a putative collective action in this District, alleging that Stratasys misclassified Field Service Engineers as exempt from FLSA's overtime-pay requirements. The case, *Holaway v. Stratasys*, No. 12-cv-998 (PAM/JSM), was heard by United States District Judge Paul A. Magnuson.

The FLSA provides that a collective action may be maintained "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike in a class action under Federal Rule of Civil

1

Procedure 23, similarly situated employees must expressly opt in to an FLSA collective action by giving their consent in writing and filing it with the court. *Id.* "Courts may facilitate this opt-in process by authorizing the named Plaintiffs to transmit a notice of the lawsuit to potential class members" on a showing by the plaintiffs "that they are similarly situated to the employees whom they seek to represent." *Parker v. Rowland Express, Inc.*, 492 F.Supp.2d 1159, 1163 (D.Minn. June 25, 2007) (internal quotation and punctuation omitted). This initial "similarly situated" determination, referred to as a "conditional certification," is made on a "fairly lenient standard" because only "minimal evidence" on the issue may be available at the outset of the case. *Id.* at 1164 (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2008)). Later in the litigation, "usually . . . after discovery is largely complete and the matter is ready for trial," the court may entertain a motion for "decertification" by the defendant. *Id.* "At this stage, the court has much more information on which to base its decision" as to whether the named Plaintiffs and the other employees who have opted in are actually "similarly situated" such that the merits of their FLSA claims against the employer should be considered collectively rather than individually. *Id.*

In *Holaway*, the Court granted conditional certification in October of 2012. Notice of the lawsuit was thereafter given to all Field Service Engineers employed by Stratasys during the preceding three years. Charles Longlois and Duane Schwarze, a current and former Field Service Engineer and the co-plaintiffs here, were the only two to opt in. After discovery, Stratasys moved for decertification.

In October of 2013, the Court granted that decertification motion. In so doing, it conducted a "fact-intensive inquiry" into whether Holaway, Longlois, and Schwarze are "similarly situated," focusing on three primary factors: "(1) the extent and consequences of

disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." Finding that Holaway, Longlois, and Schwarze's claims against Stratasys would each turn on a "highly individual inquiry" into facts and circumstances that were distinct to each of them, the Court concluded that there was no efficiency to be gained by proceeding with the case as a collective action. Longlois and Schwarze were therefore dismissed from the case without prejudice, and Holaway proceeded with his claims against Stratasys as an individual plaintiff.

In December of 2013, Longlois and Schwarze filed this action, asserting anew their FLSA claims against Stratasys. Longlois and Schwarze did not bring this case as a putative collective action; rather, their complaint pleads a single cause of action under the FLSA for unpaid overtime wages on behalf of themselves only.

In March of 2014, Stratasys moved for summary judgment against both Longlois and Schwarze. Soon thereafter, in April of 2014, the Magistrate Judge issued an Order to Show Cause in which he expressed "concerns regarding whether Longlois and Schwarze are properly joined" in light of the decertification order in *Holaway*. He therefore instructed the parties to file memoranda "addressing why the Court should not drop one of the Plaintiffs from this case under the authority provided in Federal Rule of Civil Procedure 21." Stratasys's summary judgment motion was subsequently withdrawn without prejudice.

After briefing, the Magistrate Judge issued an order in which he declined to analyze whether Longlois and Schwarze had been properly joined as co-plaintiffs under Rule 20(a), finding instead that, regardless of that question, "it would be improper for [them] to proceed in this action together" for the reasons of judicial economy and efficiency discussed in the *Holaway*

decertification order. The Magistrate Judge therefore severed Schwarze from this action under Rule 21 and specified that his case is to proceed, upon payment of the requisite filing fee, as a separate but "related" action "assigned to the docket of the undersigned in anticipation of consolidation for purposes of pretrial discovery."

## Discussion

The Plaintiffs timely objected to the Magistrate Judge's order. Because severance is a "pretrial matter not dispositive of a party's claim or defense," this Court reviews the Magistrate Judge's order to determine if it is "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); D.Minn. LR 72.2(a).

As discussed below, the severance of Schwarze's claim from Longlois' is affirmed, while the instruction in the order regarding the assignment of Schwarze's action as a related case is reversed.

### I. Severance.

Rule 21 provides that, "[o]n its own, the court may at any time, on just terms, add or drop a party [or] sever any claim against a party." The Plaintiffs make no argument that severing Schwarze's claim from Longlois' would cause either of them any prejudice. They do argue, however, that in ordering severance here, the Magistrate Judge improperly relied upon the Court's decertification order in *Holaway*.[1]

---

[1] The Plaintiffs also object on two other grounds: (1) that the Magistrate Judge clearly erred in denying as moot their Motion Supporting Joinder of Named Plaintiffs and construing its accompanying memorandum as a response to the Order to Show Cause; and (2) that the Magistrate Judge denied them due process by declining to consider documents they had submitted to the Court ex parte. Both of these objections are without merit.

4

Beyond that, the Plaintiffs' objection is somewhat muddled. In two sections of their memorandum, the Plaintiffs fault the Magistrate Judge for not making a finding as to whether they were properly joined under Rule 20(a)'s standard for permissive joinder, which they believe they were.[2] In the next section, however, the Plaintiffs accuse the Magistrate Judge of improperly "conflating and equating" the legal standard for maintaining a collective action under the FLSA with the Rule 20(a) joinder standard. The Magistrate Judge, however, did no such thing; in fact, he explicitly acknowledged that the *Holaway* Court's "Decertification Order employed a different standard than Rule 20 . . . ."

But, the Magistrate Judge did determine that in these circumstances, where co-plaintiffs who had unsuccessfully attempted to opt in to a prior case are jointly asserting FLSA claims against an employer, the "similarly situated" analysis provided in the prior decertification order – which necessarily includes considerations of judicial economy and efficiency – may be relevant to the Court's decision to sever their claims under Rule 21.[3] Whether that is proper is the heart of the matter, as the fundamental implication of the Plaintiffs' objection is that a court may only sever a co-plaintiff's claim under Rule 21 if the joinder of that plaintiff was improper under Rule 20(a).

The Court is not aware of any Eighth Circuit precedent that directly addresses the question in this context. However, the district court has acted under Rule 21 on considerations of

---

[2]   Rule 20(a)(1) provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

[3]   The Plaintiffs argue that the Magistrate Judge "establish[es] new precedent" by finding that a prior decertification order is "determinative" that a subsequent joinder is improper under Rules 20 and 21. This Court does not read the Magistrate Judge's order as stating or implying that a prior decertification dictates that joinder in a subsequent case should always be denied.

5

judicial economy and efficiency without first finding joinder to have been improper under Rule 20. *See, e.g., Brodkorb v. Minn.*, No. 12-cv-1958 (SRN/AJB), 2013 WL 588231, at *18 (D.Minn. Feb. 13, 2013); *Stark v. Indep. Sch. Dist. No. 640*, 163 F.R.D. 557, 563-64 (D.Minn. Oct. 27, 1995). Those decisions are in line with a number of circuit courts that have similarly determined that a court may act under Rule 21 even where the parties are properly joined under the Rule 20 standard. *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 560 n.5 (1st Cir. 2003) ("[T]he prevailing rule in our sister circuits is that a finding of misjoinder is not a prerequisite to severing parties or claims under Rule 21."); *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2nd Cir. 1968) ("We believe that [Rule 21] authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance."); *Sporia v. Penn. Greyhound Lines*, 143 F.2d 105, 107-08 (3rd Cir. 1944) ("We are convinced that the District Court possessed the power" under Rule 21 to sever the claims of two properly joined co-plaintiffs, and "all the so-called equities favor it."); *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010) (noting that even where plaintiffs satisfy Rule 20, "district courts have considerable discretion to deny joinder [under Rule 21] when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims."); *Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 545-46 (6th Cir. 1994) (rejecting argument that "Rule 21 pertains only to misjoined parties and does not authorize the dismissal of parties properly joined"); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (affirming severance of properly joined plaintiffs where "the likelihood of prejudice and confusion outweighed the gains from judicial economy and any potential prejudice to the plaintiffs").

Whether the Plaintiffs can satisfy the standard for permissive joinder under Rule 20(a) is thus immaterial. In the *Holaway* decertification order, the Court found that the factual and employment settings of the three plaintiffs he considered – Holaway, Longlois, and Schwarze – were sufficiently distinct that each of their claims would require a "highly individualized inquiry" into both liability and damages, such that "[t]here are few if any procedural efficiencies to be gained" by trying them collectively as opposed to individually. The Magistrate Judge found in that analysis a persuasive reason, based on considerations of judicial economy and efficiency, for denying joinder to Longlois and Schwarze here under Rule 21.

In the words of the Fifth Circuit in *Acevedo*, "district courts have considerable discretion to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims." 600 F.3d at 522. The Magistrate Judge's order, insofar as it severs Schwarze's claim from Longlois', is therefore neither clearly erroneous nor contrary to law.

## II.     Related cases.

Paragraph 2 of the severance order specifies that "[a]ny separate action arising from this Order shall be deemed 'related' and shall be assigned to the docket of the undersigned in anticipation of consolidation for the purposes of pretrial discovery . . . ." This aspect of the order is not consistent with the District of Minnesota's Order for Assignment of Cases, filed December 19, 2008, and is therefore reversed.

Based on the files, records, and proceedings herein, and for the reasons discussed above, IT IS ORDERED THAT:

1. The Order of May 7, 2014 [ECF No. 32] is AFFIRMED as to paragraphs 1 and 3 on page 11, and REVERSED as to paragraph 2.

2. The Plaintiffs' Motion Regarding their Objection to the Magistrate Judge's Order of May 7, 2014 [ECF No. 34] is DENIED AS MOOT.

Dated: June 18, 2014                                              s/Joan N. Ericksen
                                                                  JOAN N. ERICKSEN
                                                                  United States District Judge