## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

---

Duane Schwarze,

        Plaintiff,

v.

Stratasys, Inc., Roger King and Robert
Brunskill, individually,

        Defendants.

        Court File No.: 14-cv-02043 (PJS/JJK)

---

Charles Longlois,

        Plaintiff,

v.

Stratasys, Inc.

        Defendant.

Court File No.: 13-cv-03345 (JNE/SER)

**DEFENDANTS' MEMORANDUM OF
LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR FEES
AND COSTS**

---

      Defendants, Stratasys, Inc. ("Stratasys"), Robert Brunskill ("Brunskill") and Roger

King ("King") (collectively, "Stratasys"), respectfully submit this memorandum of law in

opposition to Plaintiff's Motion for Attorneys' Fees and Costs ("Motion").   Plaintiffs

seek fees and costs associated with a purported 1,510.73 hours of work for two single-

plaintiff FLSA overtime cases (that were resolved well before trial).   This case is, and has

always been, driven by attorneys' fees.   This is evident by Plaintiffs' continual refusal to

disclose alleged damages (until sanctioned) and provide their sought-after attorneys' fees

and costs (until the fee petition).  The absolutely astronomical request for an award of $645,200.95 confirms this position.

Stratasys settled these cases with plaintiffs Duane Schwarze ("Schwarze") and Charles Longlois ("Longlois") (collectively, "Plaintiffs"), and agreed Plaintiffs could thereafter seek to recover reasonable fees and costs related to the litigation, to be determined by the Court.  The request is anything but reasonable.  Although the cases against Stratasys had an "incredibly torturous procedural path" (as Judge Schiltz aptly described it) Plaintiffs' counsel inflicted the pain on themselves.   (Mot. Hr'g Tr. 43, March 2, 2015).

Despite the convoluted history dating back to *Holaway v. Stratasys et. al.*, Case No. 12-cv-998 (PAM/JSM) ("*Holaway*")*,* these cases are routine, run-of-the-mill FLSA cases.  Plaintiffs' counsel *cannot* benefit from a mess of their own making.  Accordingly, as detailed below, Stratasys respectfully requests the Court award no more than $67,373.06 in light of Plaintiffs' inaccurate fees request, failed tactics, inefficiencies, and wholesale failure to prove that any of the fees were reasonable and necessary to achieve success for their clients.

## I.    BACKGROUND[1]

### A.    SETTLEMENT HISTORY.

Plaintiffs never made a settlement demand.  (June 19, 2015 Affidavit of Corie J. Tarara ("Tarara Aff.") ¶ 2).  Accordingly, without knowing what they were seeking,

---

[1] To the extent Plaintiffs' facts re-argue previous motions, Stratasys incorporates herein by reference its responses to the same.

Stratasys never made a settlement offer.[2] (Tarara Aff. ¶ 3). On March 5, 2015, in preparation for the April 7, 2015 settlement conference, Stratasys asked Plaintiffs for an attorneys' fees demand (the last known being Plaintiffs' counsel's "good faith estimate" of $260,000 on April 15, 2013). (Tarara Aff. ¶¶ 4-6, Exs. A, B). Plaintiffs' counsel refused, stating that they were "in the 'process' of updating their fees in the system and determining what attorneys fees are recoverable" and that it was "very unlikely" they would have it completed before the settlement conference. (*Id.*). At the meeting prior to the settlement conference, Ms. Tarara again asked for the sought-after attorneys' fees amount and Mr. Jones declined to provide a number, instead responding that he was at $600,000, but that was for part of *Holaway* and that he is not seeking fees for *Holaway*. (Tarara Aff. ¶ 7).

On April 7, 2015, the parties participated in a joint settlement conference before this Court, resulting in a ███████ payment to Longlois, a ███████ payment to Schwarze, and the question of attorneys' fees and costs to be determined by written submission to Magistrate Judge Keyes without oral argument. (*Longlois* ECF No. 83; *Schwarze* ECF No. 59). Longlois' recovery represents ████████████████ of his claimed damages of ███████. (*Longlois* ECF Nos. 18-42). Schwarze's recovery represents ████████████ of his claimed damages of ███████. (*Longlois* ECF Nos. 18-42). Plaintiffs were offered ██████████████ for attorneys' fees and costs,

---

[2] Although Stratasys, Inc. is the only defendant in Court File No.:13-cv-03345, for ease of reading, "Stratasys" will be used throughout this Memorandum to incorporate all defendants from both *Schwarze* and *Longlois*.

**REDACTED**

but declined, necessitating the fees request.  (June 19, 2015 Affidavit of Gregory L. Peters ("Peters Aff.") ¶ 2).

On April 30, 2015, Plaintiffs' counsel requested an extension to submit their fee and cost motion, representing to the Court that the requested extension was "primarily due. . . to the importance of closely reviewing three years of billing to determine what is reasonable, in light of the Court's guidance." (Tarara Aff. ¶ 9, Ex. D).  On May 22, 2015, Plaintiffs' Attorney Fee Petition was filed.[3]   Plaintiffs seek: (a) $454,388.33 for attorneys' fees related to *Holaway*; (b) $17,564.75 for costs associated with *Holaway*; (c) $97,288.74 for attorneys' fees related to *Longlois*; (d) $1,369.30 for costs associated with *Longlois*; (e) $71,112.92 for attorneys' fees related to *Schwarze*; and (f) $3,476.90 for costs associated with *Schwarze*.  Combined, Plaintiffs seek an attorneys' fees award of $622,790.00 and costs in the amount of $22,410.95, for a grand total of $645,200.95. (ECF No. 65 at 3).  This represents an attorneys' fees request of almost ███████████ ████████ greater than Plaintiffs' recovery.

## B.    THE LITIGATION.

The procedural history has recently been summarized by Judge Ericksen in her February 24, 2015 Order (as well as several other court orders throughout the two cases). (*Longlois* ECF No. 80 at 1-3).  Accordingly, only a brief summary follows.

---

[3]  As was common throughout the litigation, Plaintiff's counsel requested (and was granted) a two (2) week extension, but still filed his brief a day late.

4

**REDACTED**

1.    The 2012 *Holaway* Litigation.

On April 23, 2012, the *Holaway* FLSA collective action was commenced by former Stratasys Field Service Engineer, Greg Holaway, against Stratasys and Field Service Manager, Roger King.  (*Holaway* ECF No. 1).  The single cause of action alleged was FLSA unpaid overtime.  *Id*.  On August 31, 2012, Longlois opted-in to *Holaway*.  (*Holaway* ECF No. 33-3).  On October 3, 2012, Dale Wilson ("Wilson") opted-in to *Holaway*.  (*Holaway* ECF No. 62-1).  On July 19, 2012, Stratasys filed a motion to compel discovery responses regarding liability (*Holaway* ECF No. 13), which was granted in Stratasys' favor on August 8, 2012.  (*Holaway* ECF No. 27).

On November 8, 2012, the parties agreed to dismiss King with prejudice.  (*Holaway* ECF No. 73).  On December 27, 2012, Schwarze opted-into *Holaway.*  (*Holaway* ECF No. 78).  On February 14, 2013, Stratasys filed a motion compel to compel discovery responses regarding Plaintiffs' damages.  (*Holaway* ECF No. 79).  On March 15, 2013, the Court ruled in Stratasys' favor and awarded it its attorneys' fees in connection with the motion.  (*Holaway* ECF No. 98).

On March 8, 2013, Stratasys filed a motion for protective order to prevent Plaintiffs from taking unnecessary discovery.  (*Holaway* ECF No. 91).  On March 15, 2013, Plaintiffs brought their own discovery motion to compel additional Rule 30(b)(6) deponents.  (*Holaway* ECF No. 104).  On April 1, 2013, the Court heard oral arguments on both motions at the same hearing, (*see* Minute Entry, *Holaway* ECF No. 119), and, on August 23, 2013, issued an order ruling in favor of Stratasys, in substantial part, on both motions.  (*Holaway* ECF No. 149).

On October 28, 2013, the *Holaway* litigation was decertified, and Longlois and Schwarze were dismissed.  (*Holaway* ECF No. 163).  On November 7, 2013, Stratasys filed its motion for summary judgment.  (*Holaway* ECF No. 168).  On December 3, 2013, Plaintiff Holaway filed his own summary judgment motion combined with a *Daubert* motion to disqualify Stratasys' expert witnesses, Neil Lapidus and Alexander Passantino (*Holaway* ECF No. 181).  On December 20, 2013, summary judgment was granted in favor of Stratasys.[4]  (*Holaway* ECF No. 190, affirmed by the Eighth Circuit Court of Appeals); *see Holaway v. Stratasys, Inc.*, 771 F.3d 1057 (8th Cir. 2014).

On December 23, 2013, Stratasys was awarded costs in the amount of $7,671.55 for the depositions of Holaway, Longlois, Schwarze, King, Amanda Daniel, and Vanessa Hodges.  (*Holaway* ECF No. 192).[5]  On December 24, 2014, Stratasys was awarded costs in the amount of $3,487.25 for the depositions of King, Cary Feik, Amanda Daniel (second deposition), King (second deposition) and expert Neil Lapidus.[6] (ECF Nos. 193-1, 211).  Holaway has not paid Stratasys the $11,158.80 cost judgment.  (Tarara Aff. ¶ 10).

**2.     The 2013 *Longlois* Litigation.**

Despite the *Holaway* decertification, on December 5, 2013, Longlois and Schwarze jointly filed a complaint against Stratasys alleging a single cause of action for FLSA unpaid overtime (refusing to identify it as a "related case" to *Holaway*).  (ECF No.

---

[4] The Court granted summary judgment for Stratasys and dismissed the *Holaway* action without ruling on Holaway's summary judgment and *Daubert* motions.

[5] Plaintiffs seek costs for these costs already taxed to Holaway.

[6] Plaintiffs also seek costs for these costs already taxed to Holaway.

1).  On January 9, 2014, Stratasys asked the Court to consider the reassignment of the case to Judge Magnuson, who was familiar with the underlying facts.  (*Longlois* ECF No. 9).  Plaintiffs' counsel objected to the reassignment to Judge Magnuson and accused Stratasys of "judge shopping."  (*Longlois* ECF No. 10).   Stratasys' request was denied, adding two more judges to the litigation between the parties.  (*Longlois* ECF No. 11).

The parties agreed that no new discovery was needed and no additional parties should be allowed.  (*Longlois* ECF No. 14).  On March 31, 2014, Stratasys filed its motion for summary judgment.  (*Longlois* ECF Nos. 15-19).

At the April 4, 2014 pretrial scheduling conference, Magistrate Judge Rau questioned why Plaintiffs were joined following decertification in *Holaway*, and on April 11, 2014, filed an Order to Show Cause why one of them should not be severed. (*Longlois* ECF No. 21).  Stratasys' summary judgment motion hearing was cancelled pending the Order to Show Cause.  (*Longlois* ECF No. 22).  On April 25, 2014, in lieu of filing a response to the Court's Order to Show Cause, Plaintiffs filed a Motion Supporting Joinder of Named Plaintiffs, sending the Court documents *ex parte*. (*Longlois* ECF No. 25-29; *Longlois* ECF No. 32 at 8).

On May 7, 2014, Magistrate Judge Rau severed Schwarze from *Longlois*, declared any separate action to be deemed "related" and ordered that it be assigned to him in anticipation of consolidation for the purposes of pretrial discovery.  (*Longlois* ECF No. 32).  Plaintiffs objected to the order.  (*Longlois* ECF No. 36).  The order was affirmed as to the severance of Schwarze, but reversed with respect to the delegation of and assignment of the "related" case to Magistrate Judge Rau.  (*Longlois* ECF No. 39 at 5).

7

On September 24, 2014, Longlois filed a motion for summary judgment. (*Longlois* ECF No. 43). That same day, Longlois also filed a separate a *Daubert* motion (which was nearly identical to the *Daubert* motion filed in *Holaway*) seeking to disqualify Stratasys' expert witnesses, Lapidus and Passantino. (*Longlois* ECF No. 48). Although Longlois sought to disqualify both Lapidus and Passantino, his *Daubert* motion was devoted almost entirely Lapidus; only one (1) page out of twenty-eight (28)— approximately 3.6%—of Longlois' memorandum pertained to Passantino. (*Longlois* ECF No. 50). On November 7, 2014, Stratasys filed a cross-motion for summary judgment. (*Longlois* ECF No. 65).

On February 24, 2015, Longlois' motion for summary judgment and his *Daubert* motion were granted in part and denied in part. (*Longlois* ECF No. 80). Stratasys' motion was denied. (*Id*.). However, Judge Ericksen precluded Longlois from using his Third Supplemental Answers, as they were not timely, and found that his "handling of the matter violated the discovery provisions of both the Scheduling Order and the Local Rules of this District." (*Id.* at 27-420).

It was also determined that Longlois had no "justification for [his] untimely submission" and that "[n]o favorable explanation or excuse for Longlois' failure to provide such an important piece of discovery at an earlier point in this litigation – or, for that matter, two years ago in Holaway when it was first requested – is apparent." (*Id*. at 31-32). By this preclusion, Judge Ericksen intended to "place on Longlois the burden for unnecessarily complicating these proceedings, properly hold him to account for his apparent lack of diligence, or deter future litigants from committing similar lapses with

8

matters of high evidentiary import." (*Id.* at 32). Regarding Longlois' *Daubert* motion, Judge Ericksen granted motion to exclude Passantino, but denied his motion to exclude Lapidus. (*Id.* at 6-7, 10).

### 3.    The 2014 *Schwarze* Litigation.

On June 20, 2014, after being severed from *Longlois*, Schwarze filed his own complaint, again alleging he was misclassified under the FLSA by Stratasys, but now also naming his former supervisors King (who was voluntarily dismissed from *Holaway*), and Brunskill as defendants. (*Schwarze* ECF No. 1). Again, Plaintiff's counsel chose not to check that the cases were "related" on the Civil Cover Sheet, and thus, two more judges were added to the litigation between the parties. (*Schwarze* ECF No. 1-1).[7] Plaintiffs' Counsel admitted that the two defendants were merely added to obtain additional discovery. (Mot. Hr'g Tr. 88-91). Indeed, the *Schwarze* depositions were promptly used to support Longlois' summary judgment motion. (*Longlois* ECF No. 43).

In January 2015, cross-motions for summary judgment were filed. (*Schwarze* ECF Nos. 37, 42). On March 2, 2015, oral argument was held before the Honorable Judge Patrick J. Schiltz. (*Schwarze* ECF No. 54). At the hearing, Judge Schiltz discussed his leanings on the various issues before the Court. (Mot. Hr'g Tr. 114-119;

---

[7] Certainly, after oral argument before Judge Schiltz, when approached with this very question (why didn't the parties alert him to the other two cases), in retrospect, I wish we would have made the request for reassignment again, but, at the time, did not think it was prudent to make a request that was already denied twice – once with respect to Judge Ericksen's assignment and again when Judge Rau's decision to have the severed Schwarze case deemed assigned to him was reversed by Judge Ericksen. (Tarara Aff. ¶ 11).

*Schwarze* ECF No. 58).   On the subject of attorney's fees, Judge Schiltz addressed

Schwarze's counsel:

> Now, I know attorney's fees play into this as well.  Mr. Jones, you need to be realistic about that.  You have put a ton of time into things that I wouldn't intend to compensate you for; for example, money you spent chasing after Mr. King and Mr. Brunskill.  You'd need to make a really good argument to me for why that should be recoverable against the defendants.
>
> I'm not going to pay you for Holaway specific - - your time going up to the Eighth Circuit isn't going to come out of this case.  Your time arguing your motion in front of Judge Ericksen is not going to come out of this case.
>
> So, you need to be realistic about - - you're going to have to run a fairly straight line from here's the hour should be compensated.  So don't just look at your time over the last three years, which is, I'm sure, a big number.  That's not the number you will get out of this case.  It's going to be a subset.  You need to be realistic about that.

(Mot. Hr'g Tr. 117:9-118).

Judge Schiltz addressed the need to balance Plaintiff's justice with Plaintiffs'

counsel's lack of strategic decision making:

> By 'justice' I am looking through the lawyer to the client, and it's always a struggle -- it's a monthly, maybe weekly struggle how much you put bad lawyering or questionable lawyering and you punish the plaintiff.
>
> I've got a guy in Schwarze who looks to me like he is entitled to some overtime that he didn't get paid. I totally get it. You're sitting there. You're begging Mr. Jones to give you this information, which he gave you in his third supplemental interrogatories a year or two after you were begging him to give it. You went to court to try to force him to give you the information, he gave you these, and he resisted. I totally get your frustration.

(Mot. Hr'g Tr. 26:23-27:11).  Judge Schiltz also addressed that, while Brunskill and King

were likely "employers" under the FSLA, it was irrelevant given Stratasys' financial

security. (Mot. Hr'g Tr. 88-91).  Plaintiffs' counsel stated:

…it was a pragmatic, strategic decisions that by bringing them in after the Magnuson decision, Brunskill, others – as I would be candid with the Court – Brunskill through his deposition, we can use him, one to show he was indeed an employer, probably more to pressure to Stratasys, very candidly, to settle this thing.

(Mot. Hr'g Tr. 89:16-22).  Judge Schiltz responded that he did not "have to make him a party to depose him" and that Judge Schiltz was "just not sure this was worth the candle to have all this litigation over these two guys" because "[i]t's not going to change anything at the end of the day."  (Mot. Hr'g Tr. 90:15-19; 91:5-7).

Judge Schiltz further noted that Plaintiffs' counsel inept decision to add King and Brunskill as parties was unnecessary and superfluous, as King and Brunskill did not have to become parties to be deposed.  (Mot. Hr'g Tr. 90).  When responding to Judge Schiltz's questioning on this point, Mr. Jones' responded that his "experience has been vastly different[]. I grew up in corporate."  (Mot. Hr'g Tr. 90:5-6).

As to damages, Judge Schiltz opined that Schwarze would likely be entitled to liquidated damages, but a jury would need to determine willfulness (for the applicable 2 or 3 year statute of limitations).  (Mot. Hr'g Tr. 114-117).  Had they gone to trial, it would have been over a few thousand dollars and alleged overtime performed in six (6) or seven (7) weeks.  (Mot. Hr'g Tr. 114-117).  Finally, Judge Schiltz opined that his inclination was also to use the fluctuating workweek method for the payment of overtime. (Mot. Hr'g 114-117).

## C.   SUMMARY OF TIME, FEES AND COSTS ASSOCIATED WITH THE LITIGATION.

Counsel seeks to recover a total of $645,200.95 in fees and costs from all three actions, $471,953.08 of which is billed to the *Holaway* litigation.  The parties have consistently agreed that much of the discovery conducted in *Holaway* would also be used in the *Longlois* and *Schwarze* actions.  However, if one takes the total amount Counsel billed to *Holaway* and deducts from it all the entries that are not related to discovery and the additional noncompensable items, the resulting compensable amount (what he should have submitted as a starting point) for *Holaway* (so that only discovery time remains) calculates to 621.53 hours and $267,583.42.  (*See* Tarara Aff. ¶ 21, Ex. K).

In the alternative, and for the Court's convenience, Tables 1-3 below itemize and summarize some of the main fees and costs that should be excluded from Plaintiffs' counsel's requested lodestar amount for *Holaway*, as well as additional noncompensable matters from *Longlois* and *Schwarze*.  Table 4 describes further reductions to the adjusted lodestar amount based on the *Johnson* factors.  The "Entry Nos." corresponds to the numbering of Plaintiffs' invoices entries that have been attached as exhibits.  (Tarara Aff. ¶¶ 12-15, Exs. E, F, G.)  Each of the items described in the tables below is discussed in further detail *infra*.  Further, the demonstrative tables do not take into account a decreased billable hourly rate, but such could be computed based on reference to the applicable entry numbers.

| Table 1 – Items that should Be Excluded from the Lodestar | | | |
|---|---|---|---|
| **Matters** | **Entry Nos.** | **Hours** | **Amount** |
| Conditional Certification (*Holaway* ECF No. 9) | *Holaway* 46-48, 51, 53, 59, 61-62, 103, 135, 147, 149-150, 153-54, 156-58, 160-61, 163-68, 170-72, 174, 179, 204-06, 209-10, 215, 220-24, 232, 236-37, 239-40, 245, 247, 251, 253, 255, 260, 267-71, 280 | 147.65 | $ 62,228.50 |
| Decertification (*Holaway* ECF No. 147) | *Holaway* 453, 461, 479, 481-83, 486-88, 490, 501, 505, 507-08 | 46.7 | $ 19,847.50 |
| Stratasys' Motion to Compel Liability Discovery (*Holaway* ECF No. 13) | *Holaway* 78, 82-91, 93, 98, 101-02, 105-06, 115 | 39 | $ 16,575.00 |
| Stratasys' Motion to Compel Damages Discovery (*Holaway* ECF No. 79) | *Holaway* 338, 347, 349, 351-53, 358, 360-61, 380, 382, 386, 393, 401, 419 | 38.2 | $ 16,235.00 |
| Stratasys' Motion for Protective Order (*Holaway* ECF No. 91) and Holaway's Motion to Compel 30(b)(6) Deposition (*Holaway* ECF No. 104) | *Holaway* 367, 370, 376, 378, 381, 384-85, 388, 395, 402-03, 406, 410-12, 476 | 45.1 | $ 19,167.50 |
| Defending Stratasys' Motion to Dismiss (*Holaway* ECF No. 125) | *Holaway* 417, 419, 426-35, 438, 441, 443-48 | 67.8 | $ 28,815.00 |
| Filings Related to Joinder (*Longlois* ECF Nos. 21, 26, 34) | *Longlois* 32-49 | 36.1 | $ 15,252.00 |
| Plaintiffs' *Daubert* Motion (*Longlois* ECF No. 48) | *Longlois* 61-64, 66-67, 70, 73, 79, 103-06, 109-10 | 38.6 | $ 15,205.00 |
| Plaintiffs' Third Supplemental Answers to Interrogatories | *Longlois* 81, 84, 86-88, 90-92, 94; *Schwarze* 61-66, 71-72, 74, 77-78 | 43.8 | $ 17,289.50 |
| Fees and costs related to opt-out, former plaintiff Dale Wilson | *Holaway* 281, 350, 533, 536 | 3.4 | $    2,644.98 |
| Plaintiffs' refusal and opposition to filing as "related" cases | *Longlois* 8-13 | 3.8 | $    1,500.00 |

13

| | | | |
|---|---|---|---|
| Removing from ECF confidential documents that were carelessly filed | *Holaway* 502-04, 506 | 3.5 | $ 1,487.50 |
| Duplicative billing | *Holaway* 8-9, 19; *Longlois* 23-24, 26, 36-37, 50, 104-06, 123-24; *Schwarze* 1-2, 4, 6, 89-91, 134-35 | 11.8 | $ 4,593.80 |
| Improperly naming King as a defendant and improper service of process | *Holaway* 10-16, 248-49, 252, 254, 257-58 | 10 | $ 4,010.00 |
| Court-ordered discovery supplementation | *Holaway* 396, 398 | 11.3 | $ 4,802.50 |
| Non-legal tasks | *Holaway* 3, 36, 69, 98, 126, 153, 179, 197-98, 224, 265, 267, 361, 385, 388, 406, 444, 449, 452-53, 511-15; *Longlois* 4, 33-34, 42, 45, 47, 54, 65-67, 78-80, 91, 98-99, 111; *Schwarze* 4, 6, 16, 18-19, 22, 25, 27, 82-83, 86, 92, 100, 112, 116, 130 | 110.21 | $ 36,969.59 |
| Law firm management | *Holaway* 3, 511-15 | 29.97 | $ 2,799.58 |
| Costs taxed against Plaintiffs or reimbursed by Stratasys | *Holaway* 521-22, 527, 531, 535, 538-39, 544, 549 | n/a | $ 10,410.95 |
| Vague billing entries | *Holaway* 519-20, 523-24, 526, 528-30, 534, 541-42, 548, 550-53 | n/a | $ 371.22 |
| Amount to Be Excluded | | 686.93 | $ 280,205.12 |

| Table 2 – Reduction for Limited Success | | | |
|---|---|---|---|
| **Matters** | **Entry Nos.** | **Hours** | **Amount** |
| Plaintiffs' *Daubert* Motion (*Longlois* ECF No. 48) | *Longlois* 61-64, 66-67, 70, 73, 79, 103-06, 109-10 | 38.6 | $ 15,205.00 |
| Less 96.4% based on Success of Motion | | | |
| Amount to Be Excluded | | 37.21 | $ 14,657.62 |

14

| Table 3 – Items that should Be Reduced from the Lodestar for Excessive Billing | | | |
|---|---|---|---|
| **Matters** | **Entry Nos.** | **Hours Claimed** | **Amount Claimed** |
| Excessive billing (14-hour day) | *Holaway* 151-54 | 14.3 | $ 6,077.50 |
| Excessive time preparing Rule 26(f) Report and initial disclosures | *Holaway* 26-28, 30, 32-35, 37, 39-41, 44, 64, 256, 259 | 16.2 | $ 6,885.00 |
| Excessive time prosecuting Longlois' Motion for Summary Judgment (*Longlois* ECF No. 43) | *Longlois* 55-57, 59-60, 65, 67, 71-72, 74-78, 80, 102-03, 106, 110 | 61.65 | $ 25,045.75 |
| Excessive time Defending Stratasys' Motion for Summary Judgment (*Longlois* ECF No. 15) | *Longlois* 82-83, 85, 89, 93-98, 110 | 30.5 | $ 12,962.50 |
| Excessive time prosecuting Schwarze's Motion for Summary Judgment (*Schwarze* ECF No. 42) | *Schwarze* 102, 104-09, 113 | 38.5 | $ 10,748.90 |
| Excessive time Defending Stratasys' Motion for Summary Judgment (*Schwarze* ECF No. 37) | *Schwarze* 101, 108, 110, 113 | 22.5 | $ 5,645.00 |
| Total Claimed | | 183.65 | $ 67,364.65 |
| Less 20% for Excessive Time Spent | | | |
| Amount to Be Excluded | | 36.73 | $ 13,472.93 |
| **Total Amount to Be Excluded (Tables 1-3)** | | **760.87** | **$ 308,335.67** |

| Table 4 – Further Reductions to Lodestar based on *Johnson* Factors Items that should Be Reduced from the Lodestar for Excessive Billing | |
|---|---|
| Total Requested Lodestar | $ 645,200.95 |
| Adjusted Lodestar Amount | $ 308,335.67 |
| Less 20% for Overall Success | ($ 240,982.61) |
| Less 20% for Lack of Billing Judgment | |
| Less 20% for Inaccurate Billing Entries | |
| Less 20% for Excessive and Duplicative Billing | |
| **TOTAL ADJUSTED LODESTAR** | **$ 67,373.06** |

**D.**   **COUNSELS' BACKGROUND**

A.   Plaintiffs' Counsel.

Mr. Jones' claimed rate is $425 an hour for work from 2012-2015. Mr. Jones' biography shows that while he was admitted in 1985, he had no FLSA (or even employment law) trial experience prior to the *Holaway* case.[8] (Tarara Aff. ¶¶ 16, Ex. H). Mr. Jones was primarily in-house since his graduation from law school until his termination from St. Paul Travelers Companies, Inc. in February 2002. (*Id*.). During his eleven (11) years with St. Paul Travelers, Mr. Jones appears to have not been an employment litigator, but rather was hired as Sr. Government Affairs Counsel, and at the time of his termination was working in Georgia as the Regional Vice President assigned to building a new webpage marketing initiative. (*Id*.). According to PACER, in 2003, Mr. Jones appeared in his first federal court action, a motor vehicle products liability case, representing the defendant. (*Hammes v. Yamaha Motor USA*, 03-cv-06456; Tarara Aff. ¶ 17, Ex. I). Thereafter, between 2004 and 2011, he appeared in six (6) cases, none employment related, and all representing businesses. (*Id*.). Similarly, Mr. Jones' State court experience appears to be personal injury and wrongful death until 2009. (Tarara Aff. ¶ 18, Ex. J). *Holaway*, filed in April 2012, appears to be Mr. Jones' first FLSA case. (Tarara Aff. ¶ 17, Ex. I). Since then, Mr. Jones has filed six (6) more FLSA cases. (*Id*.).

---

[8] Mr. Jones' website states that he "primarily represent[s] commercial insurers, insurers' business insureds, medical professionals (malpractice cases), and health care organizations." (JonesSatre&Weimer PLLC, http://www.jonessatre.com/partners_jarvis_jones.html (last visited June 12, 2015). (Tarara Aff. ¶¶ 17-18, Ex. H).

Mr. Satre (admitted in 1987) is seeking $375 an hour for work from 2012-2015. However, in 2010, Jones, Satre & Weimer, PLLC charged $200 per hour for Mr. Satre's services to an actual paying client–now a client of Stratasys' counsel.  (June 18, 2015 Affidavit of Thomas Wilwert ¶¶ 3-4, Exs. A, B).

     B.    <u>Stratasys' Counsel</u>.

In 2010, Mr. Peters (admitted in Wisconsin 1993 and Minnesota in 1998) had an hourly billable rate of $275 and Ms. Tarara (admitted in Wisconsin and Minnesota 2005) had an hourly billable rate of $185.  (Tarara Aff. ¶ 19; Peters Aff. ¶ 3).  At the time of the 2012 *Holaway* litigation, Ms. Tarara billed Stratasys (and the common client of Jones, Satre & Weimer, PLLC) an hourly rate of $205 (which was paid), supported by her five (5) years of experience with FLSA wage and hour litigation before this Court (appearing in her first FLSA case in *Contreras v PM Beef Holdings*, LLC, 07-cv-3087). (Tarara Aff. ¶ 20).  At that same time, Mr. Peters billed Stratasys (and DC Group, the common client of Jones, Satre & Weimer, PLLC) an hourly rate of $295 (which was paid).  (Peters Aff. ¶ 4).

## II.    LEGAL ANALYSIS

## A.    LEGAL STANDARD FOR FEE AWARDS.

The FLSA provides that a prevailing party is entitled to recover reasonable attorneys' fees "in addition to any judgment." 29 U.S.C. § 216(b).  In this case, as a part of the settlement terms, the parties agreed to allow this Court to determine the reasonable attorneys' fees, if any.  The district court has broad discretion in determining an appropriate award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Magistrate Judge

Mayeron aptly summarized the legal standard in her award of attorneys' fees to Stratasys in *Holaway*:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours expended on the litigation multiplied by a reasonably hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Gumbhir v. Curators of the Univ. of Mo.*, 157 F.3d 1141, 1146 (8th Cir. 1998) (citations omitted); *Transclean Corp. v. Bridgewood Serv., Inc.*, 134 F. Supp. 2d 1049, 1052 (D. Minn. 2001). This approach is commonly known as the lodestar method. In addition, when assessing hourly rates, the Court may draw on its own experience and knowledge of prevailing market rates as well as the attorneys' descriptions of their experience. *Warnock v. Archer*, 397 F.3d 1024 (8th Cir. 2005).
>
> "Under the lodestar method, the Court determines the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Young v. Diversified Consultants, Inc.*, 554 F. Supp. 2d 954, 956 (D. Minn. 2008) (J. Davis) (quoting *Hensley*, 461 U.S. at 433). A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001); *McDonald v. Armentrout*, 860 F.2d 1456, 1458-59 (8th Cir. 1988) ("Requested rates should be in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.") (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The fee applicant bears the burden to produce evidence to support the rates charged and hours worked. *Hensley*, 461 U.S. at 433.
>
> Once a lodestar amount is determined, the Court then considers the factors described in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to increase or decrease the lodestar amount, if appropriate. *Gopher Oil Co., Inc. v. Union Oil Co. of Cal.*, 757 F. Supp. 998, 1009 (D. Minn. 1991) (citation omitted). These factors include:
>
> > (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the

> professional relationship with the client; and (12) awards in
> similar cases.

*Id.* at 1011 n.16 (citing *Johnson*, 488 F.2d at 717-19).  Even though the *Johnson* factors may be used to increase or decrease the lodestar amount, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Id.*  In short, "[a]ssessing the reasonableness of a fee requires [the Court] to consider the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's lawyer conducted that activity." *Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997); *see also Hensley*, 461 U.S. at 433-34 (stating hours may be reduced by the court where documentation of the hours is inadequate, if the case was overstaffed, or if the "hours are excessive, redundant or otherwise unnecessary"); *Nelson v. Metropolitan Life Ins. Co.*, Civ. No. 07-2326 (ADM/JSM), 2010 WL 153040, at *10 (D. Minn. Jan. 11, 2010) (disallowing one-half of the attorney's fees sought in connection with legal research, noting that it was "simply too much time" under the circumstances), *Am. Inst. of Physics v. Schwegman, Lundberg, & Woessner, P.A.*, Civ. No. 12-528 (RHK/JJK), 2013 WL 1395876, at *4 (D. Minn. Apr. 8, 2013) (awarding attorney's fees of $1,000 in connection with defendant's motion to compel deposition testimony based on the court's "experience and judgment" regarding reasonable expenses and attorney's fees).

(Order 6-8, *Holaway* ECF No. 122). In addition, the Eighth Circuit also considers the

contingent nature of the success and the quality of the attorneys' work when determining

a reasonable lodestar fee.  *Yarrington v. Solvay Pharmaceuticals, Inc.*, 697 F.Supp.2d

1057 (D. Minn. 2010) (citing *Grunin v. Int'l House of Panckes*, 513 F.2d 114, 127 (8th

Cir. 1975)).

## B.   PLAINTIFFS' COUNSEL'S HOURLY RATES ARE UNREASONABLE.

Plaintiffs' counsel claims hourly rates of $425 for Mr. Jones, $375 for Mr. Satre,

and $95 for a paralegal.  Plaintiffs bear the burden "'to produce satisfactory evidence —

in addition to the attorney's own affidavits — that the requested rates are in line with

those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Gupta v. Arrow Fin. Servs., LLC*, No. 09-CV-3313 SRN/SER, 2012 WL 1060054, at *1 (D. Minn. Mar. 29, 2012) (quoting *Blum*, 465 U.S. at 895). The Court need not accept the attorneys' usual billing rate but may apply reasonable hourly rates instead. *Jaquette v. Black Hawk County, Iowa*, 710 F.2d 455, 458-59 (8th Cir. 1983). The Court's task is to award a reasonable fee, but not to allow "windfalls to attorneys". *Id.* at 459 (citing *Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 140 (8th Cir. 1982); *see also Stepnes v. Ritschel*, 2010 WL 2243428 at *3 (D. Minn. 2010) (ADM/JJK) (reducing request for nearly $160,000 to $21,731.05 and holding that an attorney's view of reasonable time should be that which a paying client would believe to be appropriate–not a "wished-for windfall").

The requested paralegal rate of $95 is reasonable and uncontested. However, Mr. Jones' billing rate ($425) and Mr. Satre's rate ($375) are grossly excessive based on, among other things, rates their firm previously charged paying clients and the level of Mr. Jones' FLSA litigation experience. As detailed below, Mr. Satre's rates should be decreased to no more than $230 and Mr. Jones' rates should be decreased to no more than $205.

### 1.  Mr. Satre's Requested Rate Is Too High.

Mr. Satre is a competent employment litigator. However, $375 is inconsistent with rates actually charged to established clients for his services, and should be adjusted downward. *See Gopher Oil*, 757 F. Supp. at 1008 (approving fee award based on counsel's "normal hourly rates for non-contingent litigation for established clients"),

reversed in part by *Gopher Oil Co. v. Union Oil Co. of Cal.*, 955 F.2d 519, 527 (8th Cir. 1992). In 2010, Jones, Satre & Weimer charged $200 per hour for Mr. Satre's services to a paying client. With a typical $10/year increase, Mr. Satre's reasonable billable rate in 2012 (what actual paying clients paid) was likely no more than $220.[9]

### 2. Mr. Jones' Rate Is Excessively High.

Mr. Jones claims his hourly rate in 2012-2015 was $425, purporting to have years of FLSA litigation experience. Yet, for as much defense work as he performs, Mr. Jones has provided no evidence that any client actually paid him $425 per hour for work during that time period. Mr. Jones' work in-house is a completely differently skill set than litigating a FLSA case. Accordingly, Mr. Jones' time spent in-house should not count towards his experience for purposes of the appropriate community comparison. *See e.g.*, *Santillan v. Henao*, 822 F. Supp. 2d 284, 300 (E.D.N.Y. 2011) (considering time as in-house counsel for purposes of evaluating petitioner's experience when determining fee award).

Mr. Jones is certainly no more qualified to bring a FLSA case than his partner, Mr. Satre, and thus, his rate should be no more than Mr. Satre's 2012 rate, which is estimated to be $220 based on his 2010 billable rate. *See e.g. Gupta*, 2012 WL 1060054 at *2 (comparing rates between law partners when determining reasonableness of rate and awarding a higher rate where partner with less experience was awarded a higher rate in

---

[9] A $10/hr yearly increase is common. *See e.g.* the rates approved in *Ewald v. Royal Norwegian Embassy*, No. 11-CV-2116 SRN/SER, 2015 WL 1746375, at *5 (D. Minn. Apr. 13, 2015) (allowing rates with an increase of $10/year).

another case).  Perhaps a more close comparator is Ms. Tarara's rate of $205 in 2012, who did the lion's share of the work defending Stratasys with five (5) more years of FLSA experience than Mr. Jones at that time.

In addition, well respected plaintiff-side FLSA attorneys in the Twin Cities community have not received fee awards of $425 per hour.  *See e.g. Ewald*, 2015 WL 1746375, at *5 (allowing for 2012-2014 work: Susanne Fischer (admitted in 1998), $335; Tom Marshall (admitted in 1984), $390; and Sheila Engelmeier (admitted in 1986), $410); *West v Border Foods, Inc.*, 2007 WL 1725760 (D. Minn. 2007) (DWF/RLE) (allowing $500 for Don Nichols (admitted 1971); $400 for Paul Lukas (admitted 1991); and $275 for Michele Fisher (admitted 2000)).[10]  Accordingly, Mr. Jones' rate should be reduced to, at most, $205.

## E.     THE HOURS EXPENDED ARE UNREASONABLE.

The second lodestar factor is the total reasonable hours expended.  *Hensley*, 461 U.S. at 433.  This assessment requires consideration of: (a) overall success; (b) necessity and usefulness of billable activities; and (c) efficiency of that work.  *Jenkins*, 127 F.3d at 718. Plaintiffs have the burden of establishing "an accurate and reliable factual basis for an award of attorneys' fees".  *Gurman v. Metro Housing and Redevelopment Authority*, 884 F.Supp.2d 895, 912 (D. Minn. 2012) (PJS/JJG) (reducing fee request of $225,081.69

---

[10] The Nichols Kaster firm from which the *EwaldWest* rates are approved is a well known national FLSA wage and hour firm that specializes in this practice and, as such, the undersigned can attest that the experience of defending FLSA cases with that firm is vastly different and not at all comparable to the heavily litigated and burdened docket in this case.

to $30,000, where it was impossible for the Court to determine the "precise amount of fees and costs that were reasonably incurred" related to the prevailing claim).  Counsel has a duty to "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.

Like their refusal to detail their alleged damages, Plaintiffs' counsel similarly fail to provide the Court and the undersigned with the precise amount of fees and costs that were reasonably incurred with respect to the individual claims by Longlois and Schwarze.  Plaintiffs' counsel certified to this Court that Mr. Jones expended a total of 1,413.7 hours between March 2012 and March 2015, that Mr. Satre expended a total of 66.11 hours during that time (apparently mostly advising Mr. Satre), and that a paralegal expended a total of 51.5 hours.

It is wholly unfathomable that Plaintiffs seek over half a million dollars, especially after Judge Schiltz made it clear what was not recoverable.  *See e.g. McClelland v. Life Ins. Co. of No. Am.,* 679 F.3d 755 (8th Cir. 2012) (holding that 500 hours ($134,088.50) was unreasonable for ERISA claim with two rounds of summary judgment cross-motions, conflicting expert reports, and complex ERISA issues and reducing award to $85,000); *Walman Optical Co. v. Quest Optical, Inc.*, 2012 WL 3248150 at *11 (D. Minn. 2012) (PJS/JJG) (relying on *McClelland*, Judge Schiltz expected a $29,000 request and was "flabbergasted" to receive a "grossly excessive" request for nearly $250,000 based on a single issue nowhere near as complex as *McClelland*; deciding a $250 per hour rate is more reasonable for excellent and experienced intellectual property attorneys

23

and reduced the hours by 75%). Accordingly, Plaintiff's hours should be reduced significantly, to come up with the lodestar number as detailed below.

1.    Overall Success.

A fee request may be reduced based on whether the amount of time expended on the litigation was reasonable in relation to the success achieved. *Ewald*, 2015 WL 1746375, at *6 (citing *Simpson v. Merchants & Planters Bank,* 441 F.3d 572, 580 (8th Cir. 2006). The Eighth Circuit Court of Appeals has instructed:

> If any issues on which the plaintiff lost are unrelated to those on which he [or she] won, the unrelated issues must be treated as if they were separate cases and no fees can be awarded. . . . If, however, the claims on which the plaintiff lost are related to those on which he [or she] won, the court may award a reasonable fee. . . . The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole. . . . If the plaintiff has won excellent results, he [or she] is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which he [or she] did not win. . . . If the plaintiff's success is limited, he is entitled only to an amount of fees that is reasonable in relation to the results obtained.

*Wal–Mart Stores, Inc. v. Barton,* 223 F.3d 770, 773 (8th Cir. 2000) (quoting *Jenkins,* 127 F.3d at 716).

Plaintiffs did not achieve overall success. Holaway's claim (from where they started as opt-in plaintiffs) was dismissed by the district court and affirmed by the Eighth Circuit Court of Appeals for his wholesale failure to prove any damages. After approximately three (3) years of litigation, Longlois received ████████ of his requested recovery and Schwarze received █████████████ of his requested recovery. Had they gone to trial, it would have been over a few thousand dollars and alleged overtime performed in six (6) or seven (7) weeks. The three plaintiffs together

24

**REDACTED**

sought a combined total damages (excluding attorneys' fees) of $601,378.80 and two walked away with a combined ███████ . █████████████ of the demanded recovery (excluding attorneys' fees) after three (3) years is surely not a "success."

    2.    <u>Unsuccessful Aspects of the Litigation</u>.

Plaintiffs' counsel's billing entries contain numerous items for fees and costs related to unsuccessful motions and ill-advised litigation tactics. These items, however, should be excluded from the lodestar, as it is appropriate "to deny fees for work on unsuccessful motions that did not otherwise advance the case and would not have been necessary if the party had pursued successful avenues." *See Ewald*, 2015 WL 1746375, at *10 (quoting *Jones v. Fleetwood Motor Homes,* 127 F.Supp.2d 958, 973 (N.D.Ill. 2000)) (internal quotations omitted); *see also Hensley*, 461 U.S. at 433-34 (reduction of hours is appropriate where excessive, redundant, or unnecessary); *Ryther v. KARE 11*, 864 F. Supp. 1525, 1533 (D. Minn. 1994) (reducing award by 10 percent for work on unsuccessful claim); *Baufield v. Safelite Glass Corp.*, 831 F. Supp. 713, 721-22 (D. Minn. 1993); *Scheidecker v. Arvig Ents., Inc.*, 2001 WL 1631319, at *2-3 (D. Minn. Jul. 31, 2001) (time requesting extensions, drafting discovery requests in violation of scheduling order and poor quality motions, are not recoverable). Plaintiffs were largely unsuccessful and their lodestar should be reduced by $308,335.67, as more detailed below.

    a.    <u>Unsuccessful collective action efforts are not recoverable.</u>

Unsuccessful efforts at a collective action, as here, are not recoverable. *West*, 2007 WL 1725760 at *3. Judge Schiltz told Plaintiffs' counsel this and yet they still seek

**REDACTED**

conditional certification and decertification fees.  Specifically, Plaintiffs' counsel seeks to recover 147.65 hours ($62,228.50) for efforts related to pursuing conditional certification. Similarly, Plaintiffs' counsel seeks to recover an additional 46.7 hours ($19,847.50) for defending against Stratasys' successful decertification motion.  Accordingly, Plaintiffs' counsel's requested fee award should be reduced by $82,076.00 for work related to conditional certification and decertification.

<b>b.   <u>Time spent on unsuccessful motions is not recoverable.</u></b>

Plaintiffs' seek to recover fees for time spent unsuccessfully prosecuting or defending nine (9) different nondispositive motions, as detailed in the table above for a total of 264.8 hours and $111,249.50.   Notably, with respect to the 38.6 hours ($15,205.00) of work in support of Longlois' *Daubert* motion, although the Court granted Longlois' motion in part by excluding Passatino's testimony, the Court denied Longlois' motion to exclude Lapidus.  However, only 3.6% of Longlois' *Daubert* motion briefing pertained to Passantino.  Further, this motion is nearly identical to the *Daubert* motion filed in the *Holaway* litigation, which is not compensable.  Given the similarities between the two motions: (a) Plaintiffs' claim of 38.6 hours is dubious; and (b) it appears Plaintiffs are attempting to recover for noncompensable time in *Holaway* by billing it to *Longlois*.   In the alternative, Plaintiffs' recovery for this motion should be commensurate with his success on it and thus Counsel should receive only 3.6% of their requested fees, reducing the lodestar amount for this motion to $547.38.

c.   Fees related to putative plaintiffs are not recoverable.

Fees related to opt-in putative plaintiffs (such as Dale Wilson) are not recoverable. *West*, 2007 WL 1725760 at \*3.  Plaintiffs seek to recover 0.8 hours ($340.00) going over Wilson's discovery responses; 2.6 hours ($1,105.00) preparing for Wilson's deposition; as well $1,199.98 in costs associated with Wilson's deposition.  Thus, the lodestar amount should be reduced by the $2,644.98 in fees and costs associated with Wilson's claim.

d.   Fees associated with unsuccessful tactics are not recoverable.

Courts also routinely refuse to award fees for unsuccessful tactics that needlessly prolong the litigation.  *See, e.g.*, *Gumbhir*, 157 F.3d at 1146 ("[A]ttorneys 'should not be permitted to run up bills that are greatly disproportionate to the ultimate benefits may be reasonably attainable.'") (quoting *Copeland v. Marshall*, 641 F.2d 880, 908 (D.C. Cir. 1980)); *Jenkins*, 127 F.3d at 719-20 (reducing fee award and stating "limited success on the merits is a factor in considering the reasonableness of the fee in relation to the results obtained").  The tactic of objecting to Judge Magnuson hearing all three cases, not classifying them as "related", and disputing improper joinder was key in the inefficient and prolonged litigation, as pointed out by Judge Schiltz.  Stratasys tried to have them all heard by Judge Magnuson, to which, of course, Plaintiffs objected given the failed outcome in *Holaway*.  Accordingly, the lodestar amount should be reduced by $152,882.48 for Plaintiffs' counsel's useless and unsuccessful tactics.

In addition, this Court should also consider the quality of Plaintiffs' counsel's work when determining the lodestar fee.  *Yarrington*, 697 F.Supp.2d 1057 (citing *Grunin*,

513 F.2d at 127).  Similarly, it is appropriate to also consider the party's unprofessional conduct in the case.  *Wescott Agri-Products, Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1094-95 (8th Cir. 2012) (award of $0 is appropriate in some instances).  As detailed above, and as this Court is aware from a review of the overly burdened dockets, Stratasys has already greatly paid for the time to defend against all of Plaintiffs' unnecessary motions, failed tactics, and sanctioned conduct.

### 3.   Necessity and Usefulness of Billable Activities.

The proposed lodestar contains fees for unnecessary, useless activities which are not recoverable and should be excluded.  *Hensley*, 461 U.S. at 433-34 (reduction of hours is appropriate where excessive, redundant, or unnecessary); *Jenkins*, 127 F.3d at 716 (holding inefficient and unnecessary fees are not compensable); *Nelson*, 2010 WL 153040, at *10 (reducing legal research time by one-half); *Tyler v. Corner Constr. Corp.*, 167 F.3d 1202, 1204 (8th Cir. 1999).  Plaintiffs cannot recover fees for time spent drafting discovery in violation of a scheduling order.  *See Scheidecker*, 2001 WL 1631319, at *2.  Thus, fees for creating Plaintiffs' Third Supplemental Answers (which Judge Ericksen ruled were inadmissible evidence because they were unjustifiably untimely and because Counsel's handling of the matter violated the Scheduling Order and the Local Rules of this Court) should reduce the lodestar by 43.8 hours ($17,289.50).

Additionally, after Mr. Jones repeatedly publicly filed documents that had been marked confidential (in violation of the protective order), he now incredibly seeks to be reimbursed for the time he spent removing the confidential documents from public filing

and extricating himself from a mess of his own making.  These 3.5 hours ($1,487.50) should also be subtracted from the lodestar.

    4.    <u>Efficiency of the Work</u>.

Counsel's billing submissions reveal numerous examples of unnecessary and duplicative time entries, in a combined amount of $44,362.97 which should be reduced from the lodestar, for, among other things, the reasons detailed below.

    a.    <u>Duplicative billing is not recoverable.</u>

Mr. Jones and his partner Mr. Satre both billed time and costs for attending court proceedings, yet Mr. Satre merely observed these proceedings (he never spoke at a hearing) and had nominal involvement in the cases.  (*Compare* Longlois Entry Nos. 104-05, 123-24 *with Longlois* Entry No. 106; *compare Schwarze* Entry Nos. 89-90, 134-35 with Schwarze Entry No. 91).   Services that are "redundant, inefficient, or simply unnecessary are not compensable." *Jenkins*, 127 F.3d at 716 (citing *Hensley*, 461 U.S. at 434).   Moreover, unnecessary duplication in effort of attorneys is unreasonable, non-compensable time.  *Phenow v. Johnson, Rodenberg & Lauinger, PLLP*, 766 F. Supp. 2d 955, 958 (D. Minn. 2011) (reducing fee request by 20%).

    b.    <u>Multiple entries for the same task are not recoverable.</u>

Plaintiffs' counsel recorded multiple entries for the same task.  For example, Mr. Satre billed 1.1 hours in *Longlois* for drafting the *Schwarze* complaint, and then billed *Schwarze* an additional 1.8 hours on the same task.  (*Compare Longlois* Entry No. 50 *with Schwarze* Entry Nos. 1-2).   Other instances of duplicative entries permeate Counsel's billing statements.  (*Compare Holaway* Entry Nos. 8-9 *with Holaway* Entry

No. 19; *compare* Longlois Entry No. 36 *with Longlois* Entry No. 37; *compare Schwarze*

Entry No. 4 *with* Schwarze Entry No. 6).  Counsel's requested lodestar amount should be

reduced by at least $3,750.05 to account for these duplicative and unnecessary fees.

c.   <u>Non-legal time is not recoverable.</u>

Time spent by attorneys performing non-legal tasks is unreasonable, non-

compensable time.  *Phenow*, 766 F. Supp. 2d at 958  (reducing fee request by 20%).

Clerical, secretarial, and paralegal tasks are not compensable, regardless of who they are

performed by.  *Hixon v. City of Golden Valley*, No. CIV. 06-1548 RHK/JSM, 2007 WL

4373111, at *3 n.3 (D. Minn. Dec. 13, 2007) (quoting *Missouri v. Jenkins*, 491 U.S. 274,

288 n.10 (1989)); *see also Shrader v. OMC Aluminium Boat Group, Inc.*, 128 F.3d 1218,

1222 (8th Cir. 1997) (affirming exclusion of secretarial services from fee award).

Plaintiffs' counsel seeks to recover fees for communications with court reporters;

preparing documents to be filed and filing them with the Court and calendaring deadlines.

The total of all these entries equals 109.71 hours ($36,757.09).  However, the majority of

these non-compensable tasks appear in Counsel's billing entries as part of larger block-

billing entries.  As such, one cannot readily determine precisely how much time was

spent on these items.  Because Counsel's billing records are deficient in this respect, the

total of all these entries should be reduced by twenty percent (20%) to 87.77 hours

($29,405.67).

d.   <u>Law firm management time is not recoverable.</u>

Additionally, fees incurred for routine law firm management activities, such as

employee training, time entry, or searching for misplaced documents are not reasonably

30

related to achieving a successful outcome and are not recoverable. *See West*, 2007 WL 1725760, at *4. Thus, Plaintiffs' fee award should be reduced by $2,799.58 for tasks related to firm management, as detailed above.

5.   Plaintiffs' Counsel's Billing Judgment Is Lacking.

Plaintiffs' counsel has a duty to "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 at 434. To this regard, counsel's "billing judgment" is wholly lacking here. Counsel seeking fees have the ethical obligation to not seek fees and costs for hours and costs that would not be properly billed to a client (and thus to an adversary). *Id*. This "billing judgment" should be exercised along with the maintenance of records that will "enable a reviewing court to identify distinct claims." *Id*. at 437.

When a party has failed to exercise billing judgment, as here, courts have reduced the lodestar by fifty percent (50%) to "reflect counsel's lack of diligence in delineating which fees are properly attributable." *See, e.g.*, *Orsburne v. Assets Recovered, L.L.C.*, Civ. No. 07–1710 (PJS/RLE), 2008 U.S. Dist. LEXIS 90255, at *2–3 (D. Minn. Jan. 14, 2008) (Schiltz, J.) (reducing rate from $400/hour to $250/hour in case that "was neither complex nor a class action"). As detailed above, Plaintiffs are asking for fees that they know are improper, based on Judge Schiltz's statements, and costs that have already been taxed to Holaway.

For example, Plaintiffs' Counsel asks this Court to award fees and costs associated with lost motions to compel and protective orders; costs paid to him already (*i.e.* Longlois' plane ticket change fee); deposition costs that Holaway had to pay to Stratasys

(for losing the *Holaway* litigation); work related to conditional certification and decertification; work related to his unsuccessful efforts to litigate these cases and multi-plaintiff actions; administrative tasks; vague costs; *Holaway* specific work; and work associated with a former opt-in Dale Wilson who was voluntarily dismissed. For these reasons alone, the lodestar should be reduced to zero (0) hours for all entries related to the *Holaway* invoice as a sanction for his misleading this Court and counsel that he was going to "closely review[] three years of billing to determine what is reasonable, in light of the Court's guidance." Further, on April 15, 2013, Plaintiff's counsel provided a "good faith estimate" of his fees at that time, $260,000. Yet, for that same time period, he now seeks approximately $360,000.

As detailed in the spreadsheet above, Stratasys respectfully requests that this Court determine that at a minimum, 870.58 hours and $347,569.77 are unreasonable and thus discounted from the fees request.

## F.   THE *JOHNSON* FACTORS SUPPORT A DECREASE IN THE LODESTAR AMOUNT.

Once the lodestar amount is determined based on a reasonable hourly rate and amount of billable hours, the final step is to adjust the lodestar amount based on the *Johnson* factors. *Gopher Oil*, 757 F. Supp. at 1009. However, many of the twelve (12) *Johnson* factors are already addressed within the "reasonableness" of the hours expended analysis above. *Id.* at 1011 n.16 (citing *Johnson*, 488 F.2d at 717-19). Thus, only new and additional arguments follow.

The Court may adjust the lodestar downward if the case involves only monetary damages and the fee is "egregiously disproportionate to the amount involved" or if counsel demonstrated "poor judgment in pursuing too zealously a claim that did not warrant such intensive effort" among other circumstances. *Jaquette*, 710 F.2d at 459 ("common sense dictates" that it would not be reasonable, for example, to spend $100,000 to collect $1,500 in a money damages case) (internal citation omitted). The Court need not exhaustively examine all twelve factors. *Scheidecker*, 2001 WL 1631319 at *2 (reducing the total $285,115.25 requested in pregnancy discrimination claim by nearly 60% to $118.210.00). Accordingly, as further supported below, Stratasys respectfully requests that this Court decrease the lodestar amount to no more than $67,373.06 in order to deter Plaintiffs' counsel from further poor judgment in running up fees and costs while evading all chances of an amicable resolution.

1.     The Amount of Fees and Costs Are Grossly Disproportionate to the Results Obtained.

Although section 216(b) of the FLSA allows a prevailing party to recover a reasonable attorney's fee, "[it] does not contemplate an amount in the nature of speculative or contingent fee . . . , but merely one that is reasonable on the basis of time necessarily spent and character of effort required, in such relationship to the amount recovered as is fair under the circumstances of the particular situation." *Dumas v. King*, 157 F.2d 463, 466 (8th Cir. 1946) (internal citation omitted). Thus, although the fee award need not necessarily be proportionate to the damages obtained, "[t]he amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be

awarded." *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986); *Loggins v. Delo*, 999 F.2d 364, 369 (8th Cir. 1993) (quoting *Rivera*); *see also Kirby v. Roth*, 515 Fed.Appx. 642 (8th Cir. 2013); *Jaquette*, 710 F.2d at 461 (finding it hard to understand how, in the absence of bad faith, misconduct, or serious neglect, a civil rights private interest case "generate[d] such an astounding expenditure of legal time" amounting to a $91,710.98 fee request for a $1,500 damages settlement, and remanding to determine whether the attorneys' fees request was made in good faith); *see also Gumbhir*, 157 F.3d at 1146 ("[A]ttorneys 'should not be permitted to run up bills that are greatly disproportionate to the ultimate benefits may be reasonably attainable.'") (quoting *Copeland*, 641 F.2d at 908.

Accordingly, it is appropriate for the Court to consider the amount of recovery and results obtained in evaluating the fee request. *See McClelland v. Life Ins. Co. of North Am.*, 679 F.3d 755 (8th Cir. 2012) (citing *Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997-98 (8th Cir. 1999). Here, the Plaintiffs obtained a recovery in the amount of ██████ and ██████, respectfully. Thus, an award of $645,200.95 would be extremely unreasonable in light of the recovery.

2. The Experience, Reputation and Ability of Lead Counsel Caused Undue Burdens Upon The Docket.

As detailed above, Mr. Satre's experience, reputation and abilities are not questioned. However, he was not lead counsel. Mr. Jones, lead counsel, lacked any experience with FLSA wage and hour cases when he brought the *Holaway* litigation, and the resulting burdens on the dockets are clear.

**REDACTED**

3.      Awards in Similar Cases.

The Court may also look to fee awards in other cases to adjust the lodestar amount.  In June 2012, Jones filed a FLSA collective action, *Serrano v. Webb Golden Valley, LLC* (12-cv-1422) and obtained $35,000 attorneys' fees and costs for a FLSA collective action with a gross settlement amount of $48,384. (Joint Settlement Mem., 12-cv-1422 ECF. No. 39).   In June 2012, Jones filed another FLSA collective action, *Barrientos v. ServiceWerks, Inc.* (12-cv-1534), with a gross settlement amount of $15,641.09 and $32,000 in attorneys' fees and costs.  (Joint Settlement Mem., 12-cv-1534 ECF. No. 27).

4.      Other *Johnson* Factors Support a Decrease in the Lodestar.

a.      Billing entries for over 15 hours in a single day are excessive.

Plaintiffs' counsel's billing records show that on numerous occasions Mr. Jones billed in excess of fifteen (15) hours in a single day.  This is either a clerical error or excessive billing practice.  *See, e.g.*, *Scheidecker*, 2001 WL 1631319 at *2 (15 hours in a single day is excessive or incorrect).  Such billing entries "cast doubt on the accuracy and veracity of the billing records." *Id*.

b.      FLSA cases are desirable and the skill is not extraordinary.

The skill required to bring a single plaintiff FLSA overtime case is not extraordinary, and such a case does not preclude counsel from accepting other cases (in fact, he filed several FLSA cases within months and continued to do so).  FLSA cases are not undesirable cases.  To the contrary, many well respected plaintiffs' firms (such as Nichols Kaster) have perfected them to an art (which is appreciated).  A seasoned FLSA

attorney: (a) knows the amount paid; (b) calculates the amount they believe is due; and (c) demands that amount early on, allowing defense to estimate potential liability and determine whether an amicable resolution makes most business sense.  Here, it took a year to get Plaintiffs to detail what amount of damages they were seeking (and three years for an actual attorney's fees and costs demand.

Where, as here, a FLSA claim plaintiff sets forth a generic demand for wages owed and then fails to offer proof as to the amount, an award of zero ($0) fees is appropriate.  *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241 (11th Cir. 2009) (fee request of $13,800 and $1,840.70 in costs for an acceptance of a $3,500 offer of judgment accepted was reduced to zero where plaintiff's counsel failed to engage in lawyer-to-lawyer collegiality and civility by failing to detail damages before filing suit).

> c.    There were no extraordinary time limitations.

There were no extraordinary time limitations in any of these three cases.  This is especially true in light Plaintiffs' counsel's various delays, detailed herein, which extended the litigation.

## G.    THE "INVOICES" ARE INACCURATE AND LACK CREDIBILITY.

In addition to the above, the veracity of the records themselves should be considered and the lodestar adjusted accordingly.  Vague billing entries, excessive entries, failure to exclude inarguably non-compensable hours, and errors attributed to "clerical mistakes," cast doubt on the accuracy and veracity of all the billing records and justify a reduction in the lodestar amount.  *See Scheidecker*, 2001 WL 1631319 at *2; *Baufield*, 831 F. Supp. at 721-22 (reducing fee award due to inadequate and imprecise

documentation); *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (affirming 20% reduction of lodestar due to nondescript billing entries such as "legal research," "trial prep," and "met w/client," as well as some entries "so vague that the district court could not determine with certainty whether they were related to this litigation, much less the claims upon which [plaintiff] prevailed").

Here, Plaintiffs' counsel billing records contain several questionable entries that cast doubt upon the veracity of the rest of the records. For example, Plaintiffs' counsel's billing records contain an entry for August 17, 2012, in which he purports to have spent 2.3 hours ($977.50) reviewing Roger King's deposition transcript and taking excerpts from it for use in a motion to compel. However, King was not deposed until August 23, 2012. (*Holaway* ECF. No. 176). Similarly, Counsel claims that on August 21, 2012, he spent a portion of 7.8 hours ($3,315.00) reviewing, analyzing, and outlining testimony from Longlois' deposition transcripts and identifying supporting evidentiary exhibits. Longlois did not even opt-in to the litigation under two days later, August 23, 2012, and would not be deposed until February 18, 2013. At a minimum the lodestar should be reduced by the $4,292.50 claimed by these two billing entries.

More importantly, these entries reveal the broader problem that Plaintiffs' counsel's billing records as a whole are suspect, unreliable, and the entire lodestar amount should be reduced by at least 20% across the board to account for the other likely inaccuracies.

**H.      THE COSTS REQEUSTS IS UNCONSCIONABLE.**

Counsel seeks costs that are noncompensable because they were incurred for Counsel's convenience - items such as printing, copying, and meals.  (*See, e.g.*, *Holaway* Entry Nos. 518-19, 532).  Costs such as photocopies, local meals, data entry, and other miscellaneous items that are for convenience of counsel are not recoverable.  *See Bleimehl v. Eastman Kodak Co. Clinical Diagnostic Div.*, No. CIV.4-93-CV-30702, 1997 WL 33322218, at *21-22 (S.D. Iowa Jan. 27, 1997).  Moreover, fees and costs that are vaguely, inaccurately, or irreconcilably described in the records should not be awarded. *See Westendorp v. Indep. Sch. Dist. No. 273*, 131 F. Supp. 2d 1121, 1127 (D. Minn. 2000).

Additionally, at least $10,260.95 of Counsel's claimed costs are for items this Court has already ordered Plaintiffs' counsel to remit to Stratasys, and are clearly noncompensable..  Inconceivably, Plaintiffs' counsel seeks to recover costs for an airline change fee for Longlois that his own cost entry states was "reimbursed by Defendant." At a minimum, all these costs should be excluded outright.

The remaining cost entries are so vague and nondescript that one cannot determine whether they are related to aspects of the litigation for which Plaintiffs were successful. For example, Plaintiffs' counsel's costs contain entries such as "Photocopies," "People Finder Fees," "Parking," and "Delivery to Court," without explaining what they are for. One cost entry contains no description at all.  (*Holaway* Entry No. 548).  Plaintiffs' counsel should not be compensated for such costs.

## III.    CONCLUSION

Based upon the foregoing, Stratasys respectfully requests that the Court award Plaintiffs' counsel no more than $67,373.06 in attorneys' fees and costs.


Date: June 19, 2015                          By:___s/ Corie J. Tarara_____
                                                  Gregory L. Peters
                                                  Bar Number 0289401
                                                  Corie J. Tarara
                                                  Bar Number 0349197
                                                  **Attorneys for Defendants**
                                                  SEATON, PETERS & REVNEW, P.A.
                                                  7300 Metro Boulevard, Suite 500
                                                  Minneapolis, MN 55439
                                                  Telephone: (952) 896-1700
                                                  Fax: (952) 896-1704
                                                  Email:  gpeters@seatonlaw.com
                                                  Email:  ctarara@seatonlaw.com