UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Duane Schwarze, | **ORDER** |
| Plaintiff, | |
| v. | Civil No. 14-2043 (PJS/JJK) |
| Stratasys, Inc., Roger King and Robert Brunskill, individually, | |
| Defendants. | |

_____

| | |
|---|---|
| Charles Longlois, | Civil No. 13-3345 (JNE/SER) |
| Plaintiff, | |
| v. | |
| Stratasys, Inc., | |
| Defendant. | |

_____

## INTRODUCTION

As part of the settlement of these cases Defendant agreed to pay Plaintiffs' reasonable attorney's fees and costs. The parties could not agree on the amount of fees to be paid so they decided, as part of the settlement, to submit this issue to this Court. Plaintiffs have submitted a Petition seeking an award of $622,790.00 in fees and $22,410.95 in costs and expenses for a total of $645,200.95. Although only the two above-captioned cases were subjects of

the settlement, the lion's share of the fees and costs request was incurred in an earlier action that was dismissed, *Holaway v. Stratasys*, Civ. No. 12-998 PAM/JMS. That case entailed discovery and motion practice that also related to the settled cases and some portion of the fees incurred in *Holaway* are properly assessed to the settled cases. Defendant opposes the Petition and requests that the Court award no more than $67,373.06 in attorney's fees and costs.

## STANDARD

When reviewing a petition for attorney's fees and costs, the starting point is typically a calculation of the "lodestar," *i.e.*, the number of hours the attorney spent on the litigation multiplied by an hourly rate. Although the lodestar calculation provides a useful starting point, it is not the end of the inquiry. The court may consider a broad range of factors such as the overall success achieved; the hours spent on particular legal activities; the reasonable hourly rates of individual attorneys; the contingent nature of the success; the quality of the attorney's work; and awards in similar cases. See *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 127 (8th Cir. 1975). Thus, the Court has broad discretion in determining the appropriate award and may draw upon its own experience and knowledge of the amount of time that would be reasonably required to perform various tasks, the prevailing market rates for the work involved, and the reasonable scope of activity required in the particular matter before the Court. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). The fee

applicant bears the burden of proving the reasonableness of the fee request, including the burden of producing the supporting evidence to back up the amount of work performed and the justification for the hourly rate claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The party opposing a fee application will often argue that the hourly rates sought by the applicant are too high, claiming that the local market rate for the type of legal work involved is lower or that the attorney is not sufficiently experienced or skilled to command top hourly rates in the community. The party opposing the petition also usually goes through the time records of the petitioner with a fine tooth comb trying to find examples of excessive hours, too many attorneys loading up the file with time, or any other irregularities that might cast doubt on the reasonableness of the petition. The Court then may be faced with the difficult task of conducting what amounts to a mini-audit of a law firm's billing records, picking out the time to be compensated and the time to be excluded. This exercise, while it may be a difficult one, at least makes sense when the amount of the fee application is within the realm of reason for the case before the Court.

Unfortunately, that is not the situation the court has here. Plaintiffs' attorney's fee Petition, seeking over $645,000.00 in fees and expenses, is so out of proportion with respect to the cases at hand that it does not provide a rational starting point for analysis. The settlement of these two cases involved just two overtime claims which were, by any sensible evaluation of these cases,

3

modest in size. It may well be the case that Mr. Jarvis Jones, for example, actually spent 1,413 billable hours working on these cases, as he claims to have done, but his excessive amount of work does not justify the fee award he seeks.[1] If during the course of the litigation Mr. Jones had billed the plaintiffs by an amount over $600,000 that plaintiffs were actually expected to pay, you can be sure that this matter would have been over long ago, and we would not be dealing with a $600,000 plus fee petition. The factor that is obviously driving this litigation is the statutory attorney's fees at play. But the fact that attorney's fees might someday be awarded in a case does not justify the exorbitant fees sought in this case.

This Court recognizes that there are, of course, cases in which reasonable attorney's fees may well be out of proportion to the dollar amount of the plaintiff's claim in issue. For example, a plaintiff may be litigating over a modest statutory penalty to which the plaintiff may be entitled, and if the defendant fully contests the matter, and requires the plaintiff to work through discovery, dispositive motion practice, and trial in federal court, to establish defendant's liability, the attorney's fees to which the plaintiff will be entitled will likely be many multiples of the amount recovered. And there are also those cases in which the defendant chooses to engage in a scorched earth defense

---

[1] The Court assumes that Mr. Jones and Mr. Satre have been scrupulously honest with the Court in keeping the record of the hours actually worked on the case. Indeed, their ethical duty requires this and, of course, filing a false claim with the Court could result in serious sanctions.

and grinds the plaintiff down with abusive litigation tactics, forcing the plaintiff to expend significantly more than the claim may be worth.  But this Court's careful review of the record in these cases establishes that this is not the case here.  These cases were vigorously defended, but to the extent that there was over-litigating and waste, it was primarily generated from the plaintiffs' side of the case.

We must also take into account, however, the work that was required on the part of Plaintiffs' counsel in these well-defended cases to achieve the results that were obtained, including partial summary judgment in favor of plaintiff Longlois and the negotiated settlement of the claims.  And it must be kept in mind that we are at this point because the Defendant agreed to pay the Plaintiffs' attorney's fees and costs as part of the settlement.

Taking all of this into account, this Court has decided that the best way to analyze the attorney's fees issue here would be to separately calculate what a reasonable fee would be for each of three matters in which fees were incurred that are involved in this fee petition, *Holaway v. Stratasys*, Civ. No. 12-998 PAM/JMS; *Longlois;* and *Schwarze*).  Using its own experience and examination of the record, the Court will determine what a reasonable amount of time one would expect a competent attorney to have spent on necessary work on the cases and apply an appropriate hourly rate to arrive at a fair award.

## *HOLAWAY*

The bulk of the attorney's fees petition is for the work performed in *Holaway*, the first case filed in this litigation. In the Petition, Plaintiffs sought total attorney's fees of $454,388.33 for the *Holaway* case, including $444,635.00 for 1,046.20 hours of Mr. Jones' time, $7,718.75 for 20.58 hours of co-counsel Eric Satre's time, and $2,034.58 for 21.42 hours of paralegal time.[2] The fundamental problem with this request is that Mr. Holaway lost his case. Indeed, the case did not make it past summary judgment. The district court granted Defendant's motion for summary judgment and the decision was affirmed on appeal. *Holaway v. Stratasys*, 771 F.3d 1057 (8th Cir. 2014). Judgment was entered against Mr. Holaway and the case was dismissed in November 2014.

The question which naturally arises from this claim is how Mr. Jones could have spent, as he swears he did, 1,046 hours amassing a nearly half-million dollar legal bill on this losing effort in a rather straightforward FLSA exemption case with, relatively speaking, a modest claim for damages? Part of the answer lies in Mr. Jones' effort to turn Mr. Holaway's claim into a collective action. Although the case was conditionally certified as a collective action under the very liberal test for conditional certification, it was decertified in October

---

[2] In their reply memorandum, Plaintiffs made some small reductions in the fee and expense request, such as a reduction of $2,644.98 in fees and costs related to Dale Wilson who opted out of *Holaway*, and a reduction of .2 hours of attorney time for inadvertent duplicative billing.

2013. *Holaway*, (Doc. No. 163). At the time of decertification only two other plaintiffs (Schwarze and Longlois) had joined Holaway by opting into the class. The court concluded that both liability and damages would be highly individualized inquiries and " (t)here are few if any procedural efficiencies to be gained by trying this case as a three-plaintiff class or as three separate actions individually." *Id.,* (Doc. No. 163 at 5). Plaintiffs will not be awarded any attorney's fees for the unsuccessful effort to maintain Holaway as a collective action.

  The efforts expended by Mr. Jones and Mr. Satre on the merits of Mr. Holaway's claim are even more problematic. From the outset of the case Defendant pressed Holaway to come forward with proof of his claim that he had performed uncompensated work. But the district court concluded that Holloway "failed to establish even the barest of inference that he worked hours for which he was not compensated." *Id.*, (Doc. No. 190 at 6). The Eighth Circuit, affirming the summary judgment, said that Holaway "failed to provide a meaningful explanation of how he arrived at his final estimate of sixty hours a week, every week, of his employment… This failure includes a failure by Holaway to check his hours worked against any business records kept by Stratasys." *Id.,* (Doc. No. 204 at 5), 771 F.3d at 1060. Given Mr. Jones' contention that he spent over 1,000 hours working on *Holaway*, this suggests that he wasted an enormous amount of time fighting over his damages theory when the time would have been better spent simply putting the case together. It

7

certainly does not justify an award of attorney's fees for an effort that had no positive impact on *Schwarze* and *Longlois* and, of course, cost Defendant a great deal in its own attorney's fees.

There are, however, aspects of the *Holaway* litigation which did involve work that ultimately led to the success that Plaintiffs had in obtaining partial summary judgment in *Longlois*. This would include, for example, legal research and factual investigation about the FLSA exemption claim for field service engineers; written and deposition discovery going to the merits of the claim that the Stratasys field service engineers should be exempt from FLSA's overtime requirements; discovery related to the specific claims of Schwarze and Longlois, including their depositions; expert discovery and depositions that bore not only on Holaway's claim, but also that of Longlois and Schwarze; and general case preparation. The problem that the Court has with this work overlap issue is that Plaintiffs have not made the effort to separate the compensable from the non-compensable time in the professional services records provided to the Court. *Schwarze,* (Doc. No. 66-1). As a result, the Court is left with the alternative of using its own experience to allocate a reasonable amount of time to these compensable efforts. The Court will compensate Plaintiffs for 200 hours of attorneys' time and ten hours of paralegal time for the work in *Holaway* that carried over to the resolution of *Longlois* and *Schwarze*.

Here, the Court will use an hourly rate of $295 per hour for all compensated attorney's work on *Holaway* and $90 per hour for paralegal work.

8

In the petition, Mr. Jones sought an hourly rate of $425 per hour for each hour that he worked on the case and $375 per hour for each hour that his colleague Mr. Satre, a "senior attorney" in the firm, worked on the case.  There are several problems with this approach.  For one thing, the rate of $425 per hour is at the upper end of rates for lead counsel work by an experienced federal employment law litigator, and Mr. Jones does not have the level of experience to command such a rate.  Indeed, as Defendant has pointed out, Mr. Satre has substantially more experience in this field, though he played a secondary role in this case.  An even more fundamental problem is that Mr. Jones wants this high-end rate for every hour he worked, but Mr. Jones did virtually all of the work on this case, from work that borders on the clerical at one end, to important court appearances on the other.  Mr. Jones argues that in a very small firm such as his, he must perform all the tasks required to litigate the case, including work that would be performed by junior attorneys in larger firms where there is a division of labor.  That may be true, but Mr. Jones has made no effort to adjust the hourly rate to take this into account.  The same is also true, of course, for Mr. Satre's claim that he is entitled to $375 per hour for his time.  The Court also takes into account that at the time of the *Holaway* litigation three years ago, Defendant's lead counsel Gregory Peters was billing Stratasys at an hourly rate of $295, and was billing out the associate attorney who worked on the file at $205 per hour.  The Defendant does not dispute that $90 per hour is a reasonable amount for the paralegal time.  The Court concludes that a

reasonable rate for Plaintiffs' attorneys' compensable work on *Holaway* is a blended rate of $295.00 per hour for the 200 hours of allowed attorney time. Adding the ten hours of allowed paralegal time at $90 per hour yields an award of $59,900.00 for the work performed in *Holaway*.

## *LONGLOIS*

When *Holaway* was decertified in October 2013, Plaintiffs Longlois and Schwarze were removed from *Holaway*. In December 2013, Longlois and Schwarze jointly filed a single action in this Court, asserting a single count under the FLSA for unpaid overtime compensation. Shortly thereafter, the Court in *Holaway* granted Stratasys's motion for summary judgment because, as described above, Holaway had failed to put forth evidence sufficient to demonstrate he ever worked more than forty hours per week. The Court did not reach the question of whether Stratasys had misclassified Holaway as an exempt employee. The separate case proceeded with Longlois and Schwarze as joint plaintiffs. In May 2014, Magistrate Judge Rau severed Schwarze from the *Longlois* case. *Longlois*, (Doc. No. 32). This decision was affirmed by the district court in June 2014. *Id.*, (Doc. No. 39).

Plaintiff did not have to spend any time on discovery in *Longlois* because of the discovery that had been done in *Holaway*. In September 2014, Longlois filed a partial summary judgment motion, *Longlois*, (Doc. No. 43), in which he sought to get a ruling from the Court that he should have been classified as non-exempt and therefore entitled to the overtime premium. Judge Ericksen ruled in

10

Longlois's favor, concluding that Stratasys had misclassified him as exempt. *Id.*, (Doc. No. 80).  Although Longlois prevailed on the misclassification issue, this did not end the case and, indeed, the way in which Mr. Jones continued to handle the damages issues, which had been fatal in *Holaway*, nearly resulted in a similar defeat in *Longlois*.

During the *Holaway* litigation, while Longlois was still a party in that case, Stratasys was served with a disclosure in which Longlois calculated the amount he was owed in upaid overtime compensation by approximating that he worked sixty hours per week in every week between August 2009 and December 2012. As was the case with Mr. Holaway, Longlois's disclosure contained no information regarding any specific hours Longlois claimed to have worked in any specific work week during that period and, like Mr. Holaway, Longlois refused to provide any additional information to account for specific overtime hours during particular work weeks.  From the outset of Longlois's own case, which began after Judge Magnuson granted summary judgment in Defendant's favor in *Holaway* because of the insufficiency of the evidence of hours worked, Longlois took the position that he would add nothing to the disclosures and interrogatory answers he had provided in *Holaway* and resisted Stratasys's efforts to obtain any additional information.

After Longlois filed and briefed his summary judgment motion, the Eighth Circuit issued its decision on Holaway's appeal affirming the summary judgment against Holaway.  The day after the Eighth Circuit decision, Stratasys filed its

motion for summary judgment in *Longlois* because Longlois, like Holaway, failed to put forth any evidence of the overtime hours worked.

Longlois tried to extricate himself from this mess by supplementing answers to interrogatories about the overtime hours which had been posed to him two years earlier. He finally reconstructed seven of his work weeks between 2009 and 2012 based on contemporaneous business records. In ruling on the summary judgment motions, Judge Ericksen found that these supplemental answers were untimely, stating that, "in fact, Longlois' handling of the matter violated the discovery provisions of both the Scheduling Order and the Local Rules of this District." *Longlois*, (Doc No. 80 at 30). Judge Ericksen went on to say, "[n]o favorable explanation or excuse for Longlois' failure to provide such an important piece of discovery at an earlier point in this litigation - or, for that matter, two years ago in *Holaway* when it was first requested - is apparent." *Id.*, (Doc. No. 80 at 32).

That would have probably ended the matter for Longlois, but there was an unexpected turn of events. Stratasys had submitted a report by accountant Neil Lapidus, an expert retained by Stratasys to review the evidence and render an opinion regarding the hours Longlois and the other plaintiffs worked during each week in the three years between August 2009 and August 2012. Lapidus opined that Longlois had worked overtime hours, but he said that the total back wages to which Longlois would be entitled over the three year time period amounted to only $13,600.00. Mr. Jones attempted to keep out Lapidus's

testimony by filing a *Daubert* motion, but Judge Ericksen decided that Lapidus's proposed testimony was admissible and, as such, would be sufficient evidence on which a jury could both conclude that Longlois did work overtime hours for which he was not properly compensated and base a finding as to the number of overtime hours and the amount of compensation. Thus, Longlois survived summary judgment. *Longlois*, (Doc. 80 at 33-34) (stating that "[c]onsequently, the Court is here faced with a curious situation in which the plaintiff has vigorously attempted to exclude the very evidence that would meet his burden for him, while the defendant has championed its admission.")

Now we are faced with Mr. Jones' claim that there should be an award of $97,288.75 for his firm's attorney's fees in the *Longlois* matter alone. *Schwarze*, (Doc. No. 65 at 4). Although Plaintiffs are entitled to some award of attorney's fees in *Longlois*, the claimed amount is grossly excessive. There was very little or no discovery work done in *Longlois* because that work had already been done in *Holaway*. Mr. Jones spent an inordinate amount of time fighting about the joinder issue, despite the clear guidance from Judge Magnuson about the unique nature of each of these cases. He failed to do the one thing that was probably most important for his client and most obviously required in an FLSA case of this sort, *i.e.*, precisely calculate the overtime worked by the Plaintiffs, until it was too late to be useful in the case. And although he avoided summary judgment on this issue, his client was then confined to the *de minimis* amount of

13

damages cited in the Defendant's expert report. But the Defendant did, of course, contest the misclassification issue and Mr. Jones successfully obtained partial summary judgment on this issue.

The best option that this Court can exercise is to rely on its own experience and good judgment to make an award of reasonable attorney's fees for the work that should be properly compensated in *Longlois*. The Court has carefully reviewed all of the written submissions made by the parties on the *Longlois* cross-summary judgment motions and the transcript of the hearing before Judge Ericksen in an effort to assess the reasonable fee that should be awarded. The Court concludes that 100 hours of attorney time at the blended hourly rate of $295 per hour and eight hours of paralegal time at $90 per hour for a total of $30,220.00 will be allowed in *Longlois*.

### *SCHWARZE*

A separate *Schwarze* complaint was filed in July 2014. As a result of all the work that had been done in *Holaway* and, to a lesser extent, *Longlois*, minimal discovery was allowed in *Schwarze* and the case proceeded promptly to summary judgment with a hearing before Judge Schiltz on March 2, 2015. Judge Ericksen had issued her summary judgment order in *Longlois* on February 24, 2015, so the parties had the benefit of that ruling by the time that the summary judgment motions in *Schwarze* were argued. Judge Schiltz did not issue a decision on the summary judgment motions in *Schwarze* because the case settled on April 7, 2015. However, Judge Schiltz's comments from the

bench at the conclusion of the summary judgment hearing on March 2, 2015 indicated that he would likely agree with Judge Ericksen on the misclassification issue and rule in Plaintiff's favor. But it was apparent that Schwarze was going to face the same difficulty proving up his damages case that Longlois had faced, and that Schwarze's damages would be minimal.

Judge Schiltz warned Mr. Jones that he would need to be "realistic" about attorney's fees in this case. *Schwarze*, (Doc. No. 58 at 117) ("You have put a ton of time into things that I wouldn't intend to compensate you for; for example, money you spent chasing after Mr. King and Mr. Brunskill."). Mr. Jones spent a great deal of time in the *Schwarze* case arguing about whether Roger King, a Stratasys manager, should be included as a defendant in the case. Mr. King had originally been dismissed by consent from *Holaway* after Judge Magnuson had noted that there was really no good reason to include a Stratasys manager as a defendant on the FLSA claim when there was no question about Stratasys having the ability to pay any judgment. Mr. Jones brought King back into the *Schwarze* case and spent time arguing about getting discovery from King and trying to avoid King's dismissal from the case.

As was the case with *Longlois*, Plaintiffs are entitled to an award of attorney's fees in *Schwarze*. Some additional discovery was allowed in *Schwarze* which was useful in the summary judgment motion. As in *Longlois*, Defendant Stratasys vigorously defended itself on the misclassification liability issue and substantial briefing was required. Plaintiff's attorneys' efforts in this

15

regard were useful in achieving the settlement that was obtained. And there was productive work done in preparing for and resolving the case at the settlement conference.

Taking all this into account, the Court concludes that it would be reasonable to allow 75 hours of attorney time at $295 per hour in *Schwarze,* plus five hours of paralegal time at $90 per hour, for a total of $22,575.00.

## COSTS/EXPENSES

Plaintiffs seek $16,115.18 in costs and expenses in *Holaway*. As described above, Mr. Holaway lost his case and the costs and expenses that relate directly to Holaway's claim will not be allowed as part of the settlement in *Longlois* and *Schwarze*. However, a substantial part of the *Holaway* costs relate to discovery that appears to have a bearing on *Longlois* and *Schwarze*, such as the deposition costs for Mr. Longlois and Mr. Schwarze, Stratasys witnesses, and expert testimony. Defendant has made no argument to the contrary. The Court will allow the following costs in *Holaway*:

> Deposition Transcript Cost for Depositions Charles Longlois and Duane Schwarze taken on February 20, 2013: $1,356.40;
>
> Deposition Transcript Cost for Depositions of Roger King taken on August 23, 2012 and October 3, 2012: $2,526.18;
>
> Deposition Transcript Cost for Depositions of Amanda Daniel and Vanessa Hodges taken on February 24, 2013 and March 1, 2013: $2,125.81;
>
> Deposition Transcript Cost for Deposition of Clarice Feik taken on March 11, 2013: $943.29;

16

> Deposition Transcript Cost for Depositions of Roger King and Amanda Daniel taken on March 12, 2013: $600.81;
>
> Deposition Transcript Cost for Deposition of Expert Neil Lapidus taken on September 27, 2013: $1,694.46;
>
> Neil Lapidus Expert Fees: $3,312.00; and
>
> Charles Longlois Hotel Stay for Attendance at Deposition: $198.09.

*Schwarze*, (Doc. No.74-18). In addition, $600.00 of the $812.00 cost for the transcript for depositions of Holaway, Longlois and Schwarze taken on July 18, 2013 will be allowed.

Plaintiffs are awarded the amount of $13,357.04 of the costs and expenses incurred in the *Holaway* litigation.[3] The Court will allow costs of $1,369.30 for *Longlois* and will allow costs in the amount of $3,476.90 for *Schwarze*.

## CONCLUSION

**IT IS HEREBY ORDERED** that, pursuant the terms of settlement of these cases, Plaintiffs are awarded attorney's fees of $112,695.00, plus total costs and expenses in the amount of $18,203.24, for a total amount of $130,898.24. This award of attorney's fees and costs is the final element of the settlement of these cases. The Court expects that, pursuant to the terms of the settlement, the

---

[3] Defendant has asserted that "at least $10,260.95 of Counsel's claimed costs are for items this Court has already ordered Plaintiff's counsel to remit to Stratasys, and are clearly noncompensable." Def. Mem. at 38 (*Schwarze*, Doc. No. 68 at 38). This statement is not further explained, but appears to relate to cost judgments ordered in *Holaway*. *Holaway*, (Doc. No. 220). Nothing in this Order for payment of attorney's fees and costs relieves the plaintiff from the obligation to pay cost judgments in that case, or alters the cost amounts payable by Defendant pursuant to this Order.

parties will promptly file stipulations of dismissal in both *Longlois* and *Schwarze*.

Dated: August 10, 2015

                                          __s/*Jeffrey J. Keyes*_____
                                          JEFFREY J. KEYES
                                          United States Magistrate Judge